# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MILADY SIMPSON,

    Plaintiff,

v.                                                                                   Case No: 8:22-cv-892-CEH-SPF

SPECIALIZED LOAN SERVICING, LLC,

    Defendant.
_____

## ORDER

This matter is before the Court upon review of the file. In February 2022, Plaintiff, Milady Simpson, initiated this action in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, against Defendant, Specialized Loan Servicing, LLC. Doc. 1-1. In her fourteen-claim Complaint,[1] Plaintiff, who is proceeding *pro se*, sues Defendant under federal and state law, alleging claims for deceptive and unfair trade practices, unjust enrichment, violation under the Fair Debt Collection Practices Act ("FDCPA"), detrimental reliance, slander, fraud, breach of contract, violations of the Consumer Credit Protection Act ("CCPA"), violations under the Real Estate Settlement Procedures Act ("RESPA"), negligent and

---

[1] The counts are numbered to Count Fifteen, but there is no Count Five, no Count Fourteen, and two Count Twos (one labeled "Count Two" and one labeled "Second Claim for Relief"). *See* Doc. 1-1 at 5–6, 10–17, 29–30. Additionally, Plaintiff's numbering of her paragraphs skips from 32 to 41, omitting paragraphs numbered 33-40. *See* Doc. 1-1 at 5.

intentional infliction of emotional distress, and declaratory relief. *Id.* On April 14, 2022, Defendant Specialized Loan Servicing, LLC, removed the case to this Court based on the Court's original jurisdiction over Plaintiff's federal claims and the Court's supplemental jurisdiction under 28 U.S.C. § 1367. Doc. 1. Because Plaintiff's Complaint is a shotgun pleading, it is due to be dismissed, and Plaintiff will be given the opportunity to amend.

## DISCUSSION

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. The second type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. Finally, the fourth type of shotgun pleading is one that asserts multiple claims against multiple

defendants without specifying which defendant is responsible for which act or omission. *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a classic shotgun pleading. Each of Plaintiff's counts incorporates all preceding paragraphs, including prior counts, resulting in the final count constituting a culmination of the entire Complaint. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit. Additionally, the Complaint is confusing in that it includes vague and immaterial references to "defendants" throughout the Complaint when Plaintiff has named only one

Defendant. The Complaint makes vague references to "Roy Bostick" (Doc. 1-1 at 6, 12) and Alan Reynolds (Doc. 1-1 at 12). The Complaint includes a vague and immaterial claim under a Pennsylvania statute—the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.01—although this case involves property in Florida. The Complaint references an affidavit attached as "Exhibit 6," but no affidavit is attached.

Because the Complaint is a shotgun pleading, the Court will dismiss it and grant Plaintiff leave to file an amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiff shall ensure that she avoids shotgun pleading pitfalls and complies with applicable pleading requirements, including Federal Rules of Civil Procedure 8 and 10. Although pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they still must meet minimal pleading standards.[2] *See Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

Accordingly, it is

**ORDERED**:

---

[2] To the extent Plaintiff intends to represent herself in this matter, she should familiarize herself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the Court's website. To the extent Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

1. Plaintiff's Complaint (Doc. 1-1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file an amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order, which must correct the deficiencies discussed herein.

3. Failure to file an amended complaint within the time provided will result in the dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Tampa, Florida on April 22, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of record
Unrepresented parties