## UNITED STATES DISTRICT COURT MIDDLE DISTRICT

## TAMPA DIVISION

**CIVIL ACTION**

**MILADY SIMPSON,**

**Plaintiff,**

CASE NO: 8:22-CV-892

**v.**

**SPECIALIZED LOAN SERVICING, LLC,
WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE FOR THE VENUS
SECURITIZED TRUST 2019-INV3;**

**Defendants.**

_____/

### PLAINTIFF'S FIRST AMENDED  COMPLAINT FOR , DAMAGES, AND OTHER STATUTORY RELIEF

Plaintiff,  Milady Simpson sues Defendants ,Specialized Loan Servicing, LLC, , collectively referred

to herein as "Defendants" and alleges:

**JURISDICTION AND VENUE**

1.  This is an action for injunctive and other statutory relief, brought pursuant to the

following statutes:

(a)  Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II,

Fla. Statutes (2008).

(b)  §501.1377(3)(b), Florida Statutes (2008), Violations Involving

Homeowners during the Course of Residential Foreclosure Proceedings;

(c)Assignment not effectual against creditor unless recorded and indicated in title of document.

 Original loan on July 26, 2019 by American Home Loans was transferred to MERS but no

recorded assignments.  Any attempt to transfer the beneficial interest of a trust deed without

ownership of the underlying note is void.  Walker, May 1-, 2010 case number 10-21656-E-11 ,
 BK Court Eastern District of California.

Subject matter jurisdiction pursuant to the provisions of Chapter 501, Part
II, Florida Statutes (2008).

2.  All actions material to the complaint have occurred within four (4) years of the filing of
this Action.

3.  The statutory violations alleged herein occur in or affect more than one judicial circuit in
the State of Florida, including Polk County.

4.  Venue is proper in Polk County, Florida.

## PLAINTIFF

5.  The Plaintiff is an "enforcing authority" of Chapter 501, Part II, Florida Statutes (2008),
and is authorized to bring this action and seek injunctive relief and other statutory relief pursuant
to that chapter.  Plaintiff Milady Simpson resides at 343 Crescent Ridge Road, Auburndale, Fl.
33823, Polk County

6.  Plaintiff has conducted an investigation of the matters alleged herein and a forensic audit
has been conducted ( Exhibit A) has determined that this enforcement action serves the

public interest, as required by §501.207(2), Florida Statutes (2008).

## DEFENDANTS

7.  At all times relevant to this action Defendants  engaged in trade or commerce as defined
in §501.203(8), Florida Statutes (2008).  Defendants Specialized Loan Servicing is located at
6200 South Quebec St., Greenwoods Village, Co. 80111. Defendant Wilmington Savings
Fund Society,FSB has suddenly appeared as the real party in interest as trustee for the Venus
Securitization Trust 2019-INV3.  When did this transfer or sale of Plaintiff's loan occur.

Where are the assignments?  Plaintiff contends Wilminton lacks standing to foreclose.

8.   . At all times relevant to this action Specialized Loan Services  offered foreclosure-

related rescue services to consumers  Plaintiff states the following:

I took the mortgage out in 2018 as an investment loan since I was still living in Delaware. The same year,

 I got a divorce and moved into the property. I continued paying the mortgage until 2020 when the Covid-

19 pandemic. I wasn't able to work and fell behind on payments.

I requested a forbearance from SLS twice and was granted. After the Care Act was passed for extended

forbearance, SLS denied my request on or around August 2020.

They gave me an option to file for mortgage modification  which I did on or around September 2020
.
I followed up with phone calls and was told from October 2020 to February 2021 that it was in review.

On March of 2021, I contacted SLS and was told my request had been denied .

I then contacted  New Vision Mortgage solutions for help. After months of New Vision solutions work with

SLS to come up with a resolution, they again denied the request.


**COMMERCE**
21. At all pertinent times Defendants engaged in trade or commerce, as defined by

§501.203(8), Florida Statutes (2008), within the State of Florida and within Polk County.

5
**STATEMENT OF FACTS AND DEFENDANTS' COURSE OF CONDUCT**

*Defendants' Loan Modification and Foreclosure-Related Rescue Services*

22. At all pertinent times, Defendants marketed and continue to market loan modification and

foreclosure-related rescue services to homeowners in Florida.

23. Defendants advertise and promote the loan modification and foreclosure-related rescue

services to homeowners through mail and internet advertisements .

24. Defendants' websites and advertisements prompt homeowners to call Defendants and

inquire about Defendants' services. According to SLS's websites, Defendants, "… Save

Homes In Foreclosure." Defendants represent, "… there is still hope for people loosing (sic) there (sic) homes! Now more than ever! All you need is to prove that you undergoing a Financial Hardhsip (sic). We can help you modify the terms of your actual mortgage contract and negotiate with your lender so you can get a payment that is affordable to you. Our site is: http://www.pleaselowermypayment.com/." Defendants advertise loan conversion and the following services:

Loan Litigation Plans
• Repayment Plan
• Forbearance Agreement
• Mortgage Modification
• Pre-foreclosure or Short Sale
• Deed-in-Lieu of Foreclosure
• Refinancing
• Bankruptcy

25. In order to utilize Defendants' loan modification and foreclosure-related rescue services, homeowners must sign and return to Defendants a "LOAN MODIFICATION AGREEMENT." The contract fails to comply with the disclosures required by §501.1377(4)(c), Florida Statutes (2008). Defendants' Loan Modification Agreement does not inform the homeowner of any of the following:

(a)  That SLS is prohibited by law from accepting any up-front fee;

(b)  That SLS must return any up-front fee within 10 days from the date that fee was collected;

(c)  That the homeowner should contact his/her lender or mortgage servicer prior to signing the agreement.

26. In order to utilize Defendants' loan modification and foreclosure-related rescue services, homeowners must not pay a fee in advance.

27. Section 501.1377(3)(b), Florida Statutes (2008), prohibits a foreclosure-related rescue

services company from imposing an up-front fee.

## COUNT ONE

**PER SE VIOLATIONS OF CHAPTER 501, PART II, FLORIDA STATUTES DECEPTIVE AND UNFAIR TRADE PRACTICES**

28. Plaintiff repeats and realleges Paragraphs 1 through 27 with the same force and effect, as it fully set forth above.

29. The Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes, provides that "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

30. Defendants have violated and will continue to violate the Florida Deceptive and Unfair Trade Practices Act, §501.201, Florida Statutes (2008), by using deceptive and unfair practices in the marketing of loan modification and foreclosure-related rescue services.

31. The above-described acts and practices of Defendants have injured and will likely continue to injure and prejudice the public.

32. Unless the Defendants are permanently enjoined from engaging further in the acts and practices complained of herein, the continued activities of the Defendants will result in irreparable injury to the public for which there is no adequate remedy at law.

## COUNT TWO
## FIRST CLAIM FOR RELIEF
## UNJUST ENRICHMENT

41.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

42.    Pursuant to the Pooling and Servicing Agreement ("PSA"), Specialized Loan Servicing. surrendered its right to collect by lawsuit on the obligation of the Specialized Loan Servicing.

43.    As set forth above, by way of Plaintiff's said payments Specialized Loan Servicing. benefits were conferred on Securitized Trust (TBD). After Plaintiff's account was securitized, SLS ( servicer) . continued accepting payments.

44. Specialized Loan Servicing. collected money from unlawful lawsuits it filed by selling accounts to collection firms and by filing lawsuits in its own name.

45.    Specialized Loan Servicing. servicer and trustee and successor to American Home Loans, 1101 East Cumberland Ave., Tampa, Fl. 33602  accepted, appreciated and has retained such benefits.

46. Under such circumstances described above, it would be inequitable for Defendants  to retain such benefits without payment of value.

47. The conduct of Defendants   was done willfully and in reckless disregard for the rights of Plaintiff thereby making the award of punitive damages just and appropriate.

WHEREFORE, Plaintiff, Milady Simpson, Roy Bostick demands compensatory and punitive damages against the Specialized Loan Servicing , et al , and the other defendants, both jointly and severally, in an amount in excess of $150,000.00, plus court costs, counsel fees, and such other relief as this.

SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY
## ACT (FREUA) 73 P.S. §§ 2270.1-2210.6
### (Against all Defendants)

48. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

49. The alleged Home Loan account obligation was a debt within the meaning of the FCEUA, 73 P.S.§ 2270.3, because Plaintiff was allegedly obligated to pay the Home Loan account debt.

50. Plaintiff is a "consumer" within the meaning of the FCEUA 73 P.S. section 2270.3 because the Home Loan account debt was alleged to be owed to defendant, Defendant  is a "creditor" within the meaning of the FCEUA 73 P.S. section 2270.3.

51. Defendants violated the FCEUA by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt. FCEUA 73 P.S. section 2270.3

52. Defendants further violated the FCEUA by falsely representing the character, amount, and/or legal status of a debt. (73 P.S. section 2270.4(b)(5)(ii)).

53.    Defendants violated the FCEUA by attempting to collect an amount (including interest, fees, and charges) not expressly authorized by an agreement creating the debt or permitted by law. (73 P.S. section 2270.4(b)(6)(I)).

54. Pursuant to FCEUA, 73 P.S. section 2270.5(a), if a creditor engages in an unfair or deceptive debt collection act or practice under FCEUA, it shall constitute a violation.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment in their favor and against all defendants for:

(a)    Actual damages, including but not limited to costs and attorney's fees to defend the collection matter;

(b)    Treble damages;

(e)    Costs and reasonable attorney fees; and

(d)    Such other and further relief as may be just and proper.


### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 -1692p
### (Against All Defendants)

55. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

56. Each Specialized Loan Servicing., et al  account obligation was a "debt" within the meaning of  FDCPA, 15 U.S.C. section 1692a(5).

57. Because they were allegedly obligated to pay the Specialized Loan Servicing., et al account obligation, Plaintiff was a "consumer" within the meaning of FDCPA, 15 U.S.C.  section 1692a(3).

58. The Specialized Loan Servicing. ought or was assigned the American Home Loan ( originator)  debt.

59. Since Specialized Loan Servicing. no longer owned the securitized debt it had previously written off, there was nothing for Specialized Loan Servicing. to sell or to be assigned.

60. Each of said defendants, at times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which  was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

61. Based on said activity or activities, each of said Defendants were a debt collector within the meaning of FDCPA, 15 U.S.C. section 1692.

62. Specialized Loan Servicing., et al and the Specialized Loan Servicing. , as the purported assignee of MERS, violated FDCPA by using false, deceptive, and/or misleading representations and/or means in connection with the collection of the Specialized Loan Servicing. account obligation, 5 U.S.C. section 1692(e).

63. Specialized Loan Servicing.,   were involved in other fraudulently activity against Ms. Milady Simpson .

64. Said defendants violated FDCPA by falsely representing the character, amount, and/or legal status of the Specialized Loan Servicing. account obligation. 15 U.S.C. section 16923(2)(A),

65. Said defendants violated FDCPA by using a false representation or deceptive means to attempt to collect the Specialized Loan Servicing. account obligation. 15 U.S.C. section 1692e(i0).

66. Said defendants violated FDCPA by attempting to collect an amount (including interest, fees and charges) not expressly authorized by any agreement creating the Specialized Loan Servicing. account obligation or permitted by law, 15 U.S.C. section 192f(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in their favor and against said defendants, pursuant to FDCPA, 15 U.S.C. section 1602k(a), as follows:

Actual damages, including, but not limited to, costs and attorney's fees to defend the collection matter. From each said defendant, statutory damages of $1,000.00 for each named Plaintiff and, an amount not to exceed the lesser of $500,000.00 or 1% of the net worth of such defendant; and Costs of this action and reasonable attorney fees.

### FOURTH CLAIM FOR RELIEF
### REASONABLE RELIANACE ; DETRIMENTAL RELIANCE

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. An actual controversy has arisen and now exists between Plaintiff and Defendants specified herein above, regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Real Property collateral, or cannot prove to the

court they have a valid interest as a real party in interest to the underlying Deed of Trust.

69. Thus, the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, no longer applies.

70. Defendants are attempting to wrongfully foreclose in Polk County, Florida.

71. Plaintiff requests that this Court find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law, because Defendants' actions in the processing, handling and attempted foreclosure of this deed involved numerous fraudulent, false, deceptive and leading practices, including, but not limited to, violations of State laws designed to protect borrowers, which have directly caused Plaintiff to be at an equitable disadvantage to Defendants, and each of them.

72. Plaintiff further requests that title to the Real Property remain in Plaintiff's possession during the pendency of this litigation, and deem that any attempted sale of the Real Property is "unlawful and void".

73. Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law.

74. Therefore, Defendant Specialized Loan Servicing., et al. cannot establish that it is entitled to assert a claim in this case.

75. For this reason, as well as the other reasons set forth herein below, Specialized Loan Servicing, N.A., et al. cannot transfer an interest in Real Property, and cannot recover anything from Plaintiff with unclean hands.

76. Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiff's Real Property under the Mortgage/Deed of Trust on the Real Property via an in Rem action supported by false or fraudulent documents.

77. Said unlawful foreclosure action has caused and continues to cause Plaintiff's great and irreparable injury in that Real Property is unique.

78. Plaintiff from the inception of this loan was a victim of predatory lending and the was a loan in which Plaintiff would never be able to repay.

79. Plaintiff detrimentally relied and had reasonable reliance on the servicer to grant him a modification and made numerous attempts only to be turned down time and time again for unreasonable reasons.

80. In determining whether Milady Simpson, Roy Bostick's reliance on the [misrepresentation/concealment/ false promise] was reasonable, the Plaintiff must rst prove that the matter was material.

81. A matter is material if a reasonable person would find it important in determining his or her choice of action.

82. If you decide that the matter is material, you must then decide whether it was reasonable for Milady Simpson, Roy Bostick to rely on the misrepresentation/concealment/false promise.

83. In making this decision, take into consideration Alan Reynold's intelligence, knowledge, education, and experience.

84. However, it is not reasonable for anyone to rely on a misrepresentation/ concealment/ false promise that is preposterous.

85. It also is not reasonable for anyone to rely on a misrepresentation/concealment/ false promise if facts that are within their observation shows that it is obviously false.

86. There would appear to be three considerations in determining reasonable reliance.

First, the representation or promise must be material, as judged by a reasonable person standard. (*Charpentier v. Los Angeles Rams* (1999) 75 Cal.App.4th 301, 312–313 89 Cal. Rptr. 2d 115.)

87. Second, if the matter is material, reasonableness must take into account the Plaintiff's own knowledge, education, and experience; the objective reasonable person is irrelevant at this step.

88. Third, some matters are simply too preposterous to be believed by anyone, notwithstanding limited knowledge, education, and experience. (*Blankenheim v. E. F. Hutton, Co., Inc.* (1990) 217 Cal.App.3d 1463, 1474 [266 Cal.Rptr. 593].)

89. "After establishing actual reliance, the plaintiff must show that the reliance was reasonable by showing that

(a) the matter was material in the sense that a reasonable person would nd it important in determining how he or she would act, and

(b) it was reasonable for the plaintiff to have relied on the misrepresentation." (***Hoffman v. 162 North Wolfe LLC*** (2014) 228 Cal.App.4th  1178, 1194 [175 Cal.Rptr.3d 820], internal citations omitted.).

90. "According to the Restatement of Torts, '[r]eliance upon a fraudulent misrepresentation is not justifiable unless the matter misrepresented is material. . . . The matter is material if . . . a reasonable [person] would attach  importance to its existence or nonexistence in determining his choice of action 1099 0023 in the transaction in question . . . .'"

91. But materiality is a jury question, and a  'court may [only] withdraw the case from the jury if the fact misrepresented is  so obviously unimportant that the jury could not reasonably nd that a  reasonable man would have been inuenced by it.'" (***Charpentier, supra***, 75  Cal.App.4th at pp. 312–313, internal citations omitted.).

92. "[T]he issue is whether the person who claims reliance was justied in believing the representation in the light of his own knowledge and experience." (***Gray v. Don Miller & Associates, Inc***. (1984) 35 Cal.3d 498, 503 [198  Cal.Rptr. 551, 674 P.2d 253], internal citations omitted.)).

93. "[N]or is a plaintiff held to the standard of precaution or of minimum knowledge of a hypothetical, reasonable man.  Exceptionally gullible or ignorant people have been permitted to recover from defendants who took advantage of  them

in circumstances where persons of normal intelligence would not have been misled. 'No rogue should enjoy his ill-gotten plunder for the simple reason that his victim is by chance a fool.' " (***Blankenheim, supra***, 217 Cal.App.3d at p. 1474, internal citations omitted.).

94. "[G]enerally speaking, '[a] plaintiff will be denied recovery only if his conduct is manifestly unreasonable in the light of his own intelligence or information". "It must appear that he put faith in representations that were 'preposterous' or 'shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth.' [Citation.]".

95. Even in case of a mere negligent misrepresentation, a plaintiff is not barred unless his conduct, in the light of his own information and intelligence, is preposterous and irrational. . . . The effectiveness of disclaimers is assessed in light of these principles. [Citation.]'" Public Employees' ***Retirement System v. Moody's Investors Service, Inc.*** (2014) 226 Cal.App.4th 643, 673 [172 Cal.Rptr.3d 238].).

96. "[I]f the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable, however, he will be denied a recovery." (***Thrifty Payless, Inc. v. The Americana at Brand,*** LLC (2013) 218 Cal.App.4th 1230, 1239 [160 Cal.Rptr.3d 718].).

97. "Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is

reasonable is a question of fact." (***Beckwith v. Dahl*** (2012) 205 Cal.App.4th 1039, 1067 [141 Cal.Rptr.3d 142].).).

98. "What would constitute fraud in a given instance might not be fraudulent when exercised toward another person. The test of the representation is its actual effect on the particular mind . . . ." (***Blankenheim, supra***, 217 Cal.App.3d at p. 1475, internal citation omitted.).

99. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiff.

100.     Plaintiff will not have the beneficial use and enjoyment of his Home which is facing foreclosure and for which he is now seeking damages.

101.     Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because Real Property is inherently unique and it will be impossible for Plaintiff to determine the precise amount of damage it will suffer.

102.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.     All Defendants named herein claim an interest and estate in the property adverse to Plaintiff's in that Defendants assert to be the owners of the note secured by the Deed of Trust to the property, the subject of this suit.

104.     All Defendants named herein claim an interest and estate in the Real Property adverse to Plaintiff's in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust to the Real Property, the subject of this suit.

105.     The claims of all Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property.

106.     The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiff's title, and these claims constitute a cloud on Plaintiff's title to the Real Property.

107.     Plaintiff therefore alleges, upon information and belief, that none of the Defendants in this case hold a perfected and secured claim in the Real Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's Real Property.

108.     Plaintiff requests the decree permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiff's title to the property; and

109.     Plaintiff requests the court award Plaintiff's costs of this action, and such other relief as the court may deem proper.

## FIFTH CLAIM FOR RELIEF
## SLANDER OF TITLE

110.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.    Generally, one must prove the following to bring a legally sufficient claim of Slander of Title:

112.    There was communication to a third-party of:    A false statement;    Derogatory to another's title;    With malice; and    Causing special damages

113.    There are no UCC 1 Financial Statements perfecting personal property interest in the Accommodated Deed of Trust contract enforcement rights with the Secretary of State's Office where the Real Property resides, giving constructive notice to the world of the true capacity of the purported parties in the section1031 – Exchange in performance of the securities of Washington Mutual Bank. (See Asset Securitization Comptroller's Handbook Nov. 1997 http://www.occ.gov/publications/publications-by-type/comptrollers-handbook/ assetsec.pdf)

114.    Such instruments remained unrecorded as "Secret Liens" within the collateral file and was never submitted for recordation to perfect Defendant's rights to the Accommodated Tangible Note and pledged Deed of Trust lien and the right to enforce an alternate means of collection.

115.    Defendants, by withholding such facts have potentially committed a grave error Slander of Title causing special damage.

116.     The act of recording the purported Specialized Loan Servicing. Assignment of Deed of Trust into the Official Records of the Baltimore County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiffs' title made with malice causing special damages to the Plaintiffs' claim of title.

## SIXTH CLAIM FOR RELIEF

## UNCONSCIONABLE CONTRACT

117.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

118.     The actions of Defendants set forth herein, resulted in Plaintiff being forced, tricked, and mislead into parting with his property.

119.     Generally, one must prove the following to bring a legally sufficient claim of Unconscionable Contract.   Undue Influence;  Duress;  Unequal Bargaining Power;  Unfair Surprise; and  Limited Warranty

120.     Defendant Specialized Loan Servicing. presented in the origination of the purported loan that specific criteria such as FICO score and other industry standard underwriting requirements must be met to qualify for a loan of money for the subject property from Defendant Specialized Loan Servicing.

121.     Defendant Specialized Loan Servicing. presented in the origination of the purported loan that a preliminary signature on the Mortgage loan

contract was required to "lock in" an interest rate regarding the terms of the purported loan.

122.    Defendant Specialized Loan Servicing. failed to clarify in the terms of the Mortgage loan contract that Washington Mutual Bank, the Originator on the contract, was in fact acting solely in the capacity as Accommodated Party account debtor beneficiary for a purported loan of money. Specialized Loan Servicing. concealed they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit.

123.    Defendants knew or should have known that through a consciousness of innocence Plaintiffs were at a special disadvantage when attempting to grant an alternate means of collection via the Security Instrument real property lien Mortgage to 4512 Spring Ave., Halethorpe, Florida, 21227.

124.    Defendants intended to exploit Plaintiffs' special disadvantage and deny Plaintiffs' superior rights to the subject property.

## COUNT SEVEN– BREACH OF CONTRACT
### (Against Defendants)

125.    Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

126.    The terms of the mortgage contract are clear.

127.    Pursuant to paragraph 23 – Release, Defendant Specialized Loan Servicing was obligated to satisfy, release and reconvey the beneficial security interest in Plaintiffs' pledged Deed of Trust upon payment of all sums associated with the release premium to Specialized Loan Servicing. for Accommodated Party services rendered.

128.    Defendant Specialized Loan Servicing    was paid in full for their Accommodated capacity to the Tangible Note and Deed of Trust when it sold and relinquished its interest in Plaintiffs' real property to 343 Crescent Ridge Road, Auburndale, Fl. 33823.

129.    Defendant Specialized Loan Servicing., et., al., failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust

## EIGHTH CLAIM FOR RELIEF
## VIOLATIONS OF CONSUMER CREDIT PROTECTION ACT (CCPA )

130.    Plaintiff's Affidavit is attached hereto, as EXHIBIT 6, therein Plaintiff alleges the following:

131.    Plaintiff incorporates and realleges all of the allegations set forth in Paragraphs 1 through 184   as if fully set forth herein.

132.    Title 15 USC Chapter 41 § 1461(g) states:

(g) Notice of new creditor
In addition to other disclosures required by this subchapter, no later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner

or assignee of the debt shall notify the borrower in writing of such transfer, including -

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of interest in the debt is recorded; and

(E) any other relevant information regarding the new creditor.

133.    Plaintiffs are entitled to actual and statutory damages as a result of the Defendants violation of the Consumer Credit Protection Act.

134.    Defendants violated the CCPA by failing refusing to disclose the purported assignments/transfer of the Promissory Note and DOT.

<u>NINTH  CLAIM FOR RELIEF</u>

<u>INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

135.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

136.    Over the last several years of litigation against Specialized Loan Servicing. et., al., Plaintiff has had to undergo four surgeries for his heart and has had to seek therapy for depression.

137.    Further, Ms. Milady Simpson Plaintiff suffered personal injury and has had numerous doctor's  visits  for a variety of illnesses. (See Affidavit of Milady Simpson).

138.    This collection scheme has caused the Plaintiff emotional distress.

139.     The conduct of Specialized Loan Servicing., et al was done negligently or intentionally and in disregard for Plaintiff's Rights, thereby making the award of punitive damages just and appropriate.

WHEREFORE, Plaintiff demands compensatory and punitive damages against the Specialized Loan Servicing. et al , and the other defendants, both jointly and severally, in an amount in excess of $150,000.00, plus court costs, counsel fees and such other relief as this Honorable Court deems appropriate.

TENTH CAUSE OF ACTION

JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS

UNDER 42 U.S.C. §1983

(Against All Defendants)

140.     Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

141. Within the applicable statute of limitations period, and/or as extended by one or more applicable equitable tolling doctrines, Defendants individually and as a group, negligently deprived Plaintiff of their constitutional rights under the color of state law by, among other things:

143.. .Participating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property;

144..Participating in a fraudulent scheme to implement the objectives of the Plan, as it relates to the Subject Property, in violation of State and Federal law, as more fully described in the First and Second Claims for Relief, above. Each act of deprivation of

145..Plaintiff;s rights, as more specifically explained the First and Second Claims for Relief, as well as other actions related to them, constitute an overt act in furtherance of said conspiracy..

146.. Alternatively, as joint actors with joint obligations, each of the herein named Defendants was and is responsible for the failures and omissions of the other.

147.. The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and or Federal law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution or the Mass. Constitution in connection with a public issue

148. As a direct and proximate result of each Defendants' violations, Plaintiff sustained damages in an amount to be proven at trial.

149. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## ELEVENTH CLAIM FOR RELIEF

### JOINT ACTION/CONSPIRACY TO VIOLATE RIGHTS

### UNDER 18 U.S.C. § 241,242

#### (Against all Defendants)

150. Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

151. Plaintiff allege that Defendants violated multiple federal Criminal Codes while violating Plaintiff's rights, including, but not limited to 18 U.S.C. 1005, 18 U.S.C. 241, 18 USC 242.

152. Within the applicable statute of limitations period, as extended by any applicable equitable tolling doctrines, Defendants, and each of the, acted in concert and otherwise conspired and agreed to deprive Plaintiff of their rights, priviledges, or immunities secured by the Constitution and laws of the United States as more fully described in the First and Second Claims for Relief, above. Each act of deprivation of Plaintiff's rights, as more specifically explained the First and Second Claims for Relief, as well, as other actions related to them, constitute an overt act in furtherance of said conspiracy.

153. Alternatively, as joint actors with joint obligations, each of the herein named Defendants was and is responsible for the failures and omissions of the other.

154 The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and / or Federal Law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution or the Florida Constitution in connection with a public issue.

155. 18 U.S.C. Code section 241 states:

156. If two or more persons conspire, injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, or if two or more persons go in

disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

157. They shall be fined under this title or imprisoned not more than ten years, or both; And if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

158. .83.18 U.S. Code section 242 states:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or many be sentenced to death.

As a direct and proximate result of each Defendants' violations, Plaintiff sustained damages in an amount to be proven at trial.

WHEREFORE,  Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## TWELFTH CAUSE OF ACTION
## DECLARATORY RELIEF

159. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

160. An actual controversy has arisen and now exists between Plaintiff and Defendants specified herein above, regarding his respective rights and duties in the subject note(s) and security instrument.

161. Plaintiff requests a judicial determination of the rights, obligations and interest of the parties with regard to the subject property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the subject property.

162. Plaintiff should be the equitable owner of the Subject Property.

163. Plaintiff seeks to quiet title as of the date of the filing of this Complaint.

164. Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants be

declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights.

<u>AGAINST ALL DEFENDANTS</u>

165. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein,

166. An actual case and substantial controversy exists between Plaintiff and the defendants with respect to their unfair or deceptive acts or practices and misleading misrepresentatives and non-disclosure of material facts relating to their debt collection practices.

167. Defendants' conduct directly and proximately caused Plaintiff significant damages.

168. Defendants contend to the contrary.

169. Therefore, the parties herein have adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory relief. Plaintiff, on behalf of himself and all others similarly situated, is entitled to adjudication declaring defendants' practice of perpetrating unfair or deceptive acts and misleading misrepresentations and non-disclosure of material facts

170. Defendants continue their deceptive and misleading debt collection practices, and, therefore, defendants should be prohibited and enjoined from engaging in these practices in the future.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against all defendants for four million dollars as follows:

(a)    A declaration that Specialized Loan Servicing., or any purported assignee of the note other than the Specialized Loan Servicing. Loan Trust 2006-7. is not the proper Plaintiff to sue to collect receivables that it has securitized, and by doing so, it and its counsel, the legal defendants, violates Fair Debt Collection Practices Act (FDCPA)

(b)    An Order enjoining Specialized Loan Servicing. .,et al during the pendency of this action and permanently thereafter, from suing any class members to collect receivables that Specialized Loan Servicing., et al  has securitized, prosecuting or maintaining such a collection proceeding, and/or otherwise representing to a current or former consumer account holder that it remained the creditor.

## JURY DEMAND

Plaintiff hereby demands a jury trial on the claims raised by Plaintiff herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Milady Simpson, respectfully requests this Court, after jury trial on the merits, award damages as requested above, and for such other relief as Plaintiff may show himself entitled.

Respectfully submitted this _____ day of  May 13, 2022

*Milady Simpson*
343 Crescent Ridge Rd
Auburndale, FL. 33823

# UNITED STATES DISTRICT COURT MIDDLE DISTRICT

## TAMPA DIVISION

**CIVIL ACTION**

**MILADY SIMPSON,**

**Plaintiff,**                                                        CASE NO: 8:22-cv-892

**v.**
**SPECIALIZED LOAN SERVICING, LLC,**
**WILMINGTON SAVINGS FUND SOCIETY,**
**FSB, NOT IN ITS INDIVIDUAL CAPACITY**
**BUT SOLELY AS TRUSTEE FOR THE VENUS**
**SECURITIZED TRUST 2019-INV3;**

**Defendants.**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel in the

Foregoing matter with a copy of the within and foregoing on  with adequate postage

affixed thereon Addressed  to:

Defendants Specialized Loan Servicing is located at

6200 South Quebec St., Greenwoods Village, Co. 80111

This _13_ day of _May_ , 2022